IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

TERRY A. JONES,

                             CASE NO. 2:14-CV-1218
    Petitioner,           JUDGE GEORGE C. SMITH
                             MAGISTRATE JUDGE KEMP

    v.

WARDEN, LEBANON CORRECTIONAL
INSTITUTION,

    Respondent.

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, has filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. This matter now is before the Court on the *Petition*, Respondent's *Return of Writ* (Doc. 7), Petitioner's *Traverse* and *Memorandum Contra* (Doc. 10), and the exhibits of the parties. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that ground one of the petition be dismissed as procedurally defaulted, and that Respondent be directed to submit a further response to ground two.

### I. Procedural History

On December 13, 2011, a grand jury sitting in Logan County, Ohio, indicted Petitioner on two counts of rape of a person less than thirteen years of age, two counts of gross sexual imposition, and one count of importuning. *Return*, Ex. 1. Petitioner pleaded not guilty and went to trial. On August 15, 2012, a jury convicted him on the first four counts (the trial court had dismissed the importuning count at the close of the State's case). He was subsequently sentenced to a term of fifteen years to life on the two

rape counts and three years on the gross sexual imposition counts, with all terms running concurrently, and then resentenced to ten years to life on the rape counts based on a motion for reconsideration. *Return*, Ex. 14.

Petitioner filed a timely appeal to the Third District Court of Appeals. He raised three assignments of error:

### First Assignments of Error

The trial court abused its discretion when it found the [victim] was competent to testify.

### Second Assignment of Error

The trial court erred when it permitted the [victim] to testify outside the presence of [Petitioner] and the jury.

### Third Assignment of Error

The trial court erred when it imposed costs and additional fees in its sentencing entry.

*See State v. Jones*, 2013 WL 4768762, *1 (Logan Co. App. Sept. 3, 2013). In that opinion, the state court of appeals overruled the first two assignments of error but remanded the case for the limited purpose of allowing Petitioner to address the additional costs and fees reflected in the sentencing entry, which had not been stated on the record at the sentencing hearing.

Petitioner sought review of that decision in the Supreme Court of Ohio, raising the first two claims. That court denied review. *State v. Jones*, 137 Ohio St. 3d 1475 (Jan 22, 2014). Petitioner also filed a motion to reopen his appeal, alleging ineffective

assistance of appellate counsel, but that motion is not pertinent to the claims he raises in this case.

In his petition for a writ of habeas corpus, Petitioner raises these claims:

**GROUND ONE**: The trial court abused its discretion when it found the child was competent to testify this violated due process of the law.

**GROUND TWO**: The state was to prove the existence of one or more of three factors contained in R.C. 2945.481, for the court to permit the child to testify.

It is respondent's position that ground one was not raised as a federal constitutional claim before the Third District Court of Appeals and that ground two was waived because Petitioner's trial counsel did not object to the witness's being permitted to testify by closed circuit video.  Respondent also asserts that ground one lacks merit.

## II.  Factual Background

It is helpful, in placing the claims raised in the Petition into proper context, to provide a brief factual background of the case.  The alleged victim in this case was the daughter of Petitioner's then-girlfriend, Danielle Inskeep (she and Petitioner subsequently married).  Ms. Inskeep had shared custody of her two daughters.  In September of 2011, the younger of the two told her father that Petitioner had been sexually abusing her.  She repeated these allegations to workers at Nationwide Children's Hospital.

The victim was nine years old at the time of trial.  The trial court held a hearing to determine if she was competent to testify.  After finding that she was, the trial judge allowed her to testify by closed circuit video.  She repeated her allegations to the jury.

The jury was also permitted to hear that she had told the same story to a caseworker at Children's Hospital.  Petitioner took the stand and denied that he had ever sexually abused the victim.  As noted above, the jury convicted him despite his denials.

### III. Procedural Default

### A. Ground Two

The Court begins its analysis with Respondent's assertion that ground two was procedurally defaulted.  The state court of appeals noted that "the record shows that Jones did not object to the victim testifying by closed circuit video at the time of trial." Based on that finding, it reviewed the issue under a plain error standard.  After reciting the requirements of Ohio Rev. Code §2945.481, which governs testimony of a child victim in a room other than the courtroom, the court of appeals found that the requirements of the statute had not been met, but that Petitioner was not prejudiced by the error because he did not show that the outcome of the trial would have been different had the victim given her testimony in the courtroom.  *State v. Jones, supra*, at *3-4.

Congress has provided that state prisoners who are in custody in violation of the Constitution or laws or treaties of the United States may apply to the federal courts for a writ of habeas corpus.  28 U.S.C. §2254(a).  In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts, a state criminal defendant with federal constitutional claims is required to present those claims to the state courts for consideration.  28 U.S.C. §2254(b), (c).  If he fails to do so, but still has an

avenue open to him by which he may present his claims, then his petition is subject to dismissal for failure to exhaust state remedies.  *Id.*; *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam) (citing *Picard v. Connor*, 404 U.S. 270, 275-78 (1971)).  Where a petitioner has failed to exhaust his claims but would find those claims barred if later presented to the state courts, "there is a procedural default for purposes of federal habeas...."  *Coleman v. Thompson*, 501 U.S. 722, 735 n. 1 (1991).

  The term "procedural default" has come to describe the situation where a person convicted of a crime in a state court fails (for whatever reason) to present a particular claim to the highest court of the State so that the State has a fair chance to correct any errors made in the course of the trial or the appeal before a federal court intervenes in the state criminal process.  This "requires the petitioner to present 'the same claim under the same theory' to the state courts before raising it on federal habeas review." *Hicks v. Straub*, 377 F.3d 538, 552-53 (6th Cir. 2004) (quoting *Pillette v. Foltz*, 824 F.2d 494, 497 (6th Cir. 1987)).  One of the aspects of "fairly presenting" a claim to the state courts is that a habeas petitioner must do so in a way that gives the state courts a fair opportunity to rule on the federal law claims being asserted.  That means that if the claims are not presented to the state courts in the way in which state law requires, and the state courts therefore do not decide the claims on their merits, neither may a federal court do so.  In the words used by the Supreme Court in *Wainwright v. Sykes*, 433 U.S. 72, 87, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), "contentions of federal law which were not resolved on the merits in the state proceeding due to respondent's failure to raise them

there as required by state procedure" also cannot be resolved on their merits in a federal habeas case-that is, they are "procedurally defaulted."

In the Sixth Circuit, a four-part analysis must be undertaken when the state argues that a federal habeas claim is waived by the petitioner's failure to observe a state procedural rule. *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). "First, the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule." *Id*. Second, the Court must determine whether the state courts actually enforced the state procedural sanction. *Id*. Third, it must be decided whether the state procedural forfeiture is an adequate and independent state ground upon which the state can rely to foreclose review of a federal constitutional claim. *Id*. Finally, if the Court has determined that a state procedural rule was not complied with, and that the rule was an adequate and independent state ground, then the petitioner must demonstrate that there was cause for him not to follow the procedural rule, and that he was actually prejudiced by the alleged constitutional error. *Id*. This "cause and prejudice" analysis applies to failures to raise or preserve issues for review at the appellate level. *Leroy v. Marshall*, 757 F.2d 94 (6th Cir. 1985).

The first relevant inquiry is whether Petitioner failed to comply with a state procedural rule in connection with the State's request to have the victim testify by closed circuit video. The exhibits submitted by Respondent include the transcript of a hearing held in the trial court on August 8, 2012, which was the week prior to trial. A number of matters were discussed at that time, one of them being the State's motion to have the victim testify in that manner. Petitioner's counsel was asked if he objected to

the motion; his response was "I do, your honor." (August 8, 2012 Transcript, at 42). The State then presented a witness to testify as to the harm that open-court testimony would cause. The trial court, after concluding that the testimony showed that there was a substantial risk of harm if the victim had to testify in open court, granted the State's motion. (Tr. 57).

It is true that Petitioner's counsel did not repeat his objection when the victim was called as a witness at trial. But it is not clear that he had to do so in order to preserve his position. The state court of appeals made no mention in its opinion of the pretrial hearing, Petitioner's objection to the State's motion, or the trial judge's adverse ruling, stating only that there had been no objection "at the time of trial." It is interesting to note that the State did not, in its brief before that court, argue waiver.

Ohio law requires a party against whom a motion in limine has been decided to object again at trial. *See State v. Hill*, 75 Ohio St. 3d 195, 203 (1995)("the denial of a motion in limine does not preserve a claimed error for review in the absence of a contemporaneous objection at trial"). As the Ohio Supreme Court explained in *State v. Maurer,* 15 Ohio St. 3d 239, 259 (1984), a true motion in limine does not ask for a final evidentiary ruling, but rather raises and points out "'before trial, certain evidentiary rulings that the Court may be called upon to make,'" quoting *Redding v. Ferguson*, 501 S.W.2d 717, 722 (Tex. Civ. App. 1973). Because it does not seek a final evidentiary ruling, any decision on a motion in limine is necessarily tentative, and in order for a party to preserve as error the ultimate evidentiary ruling, the party must object at the time the contested evidence is offered.

The same rule does not apply to motions which, although labeled as motions in limine, are actually requests for a definitive ruling on what evidence may be presented at trial - for example, a motion to suppress. When such a motion is ruled on prior to trial, Ohio courts do not require a second objection at the time of trial in order to preserve the issue for appeal. *See, e.g., State v. Urso*, 195 Ohio App. 3d 665, 677-78 (Trumbull Co. 2011)("'The determination of whether a motion is a 'motion to suppress' or a 'motion in limine' does not depend on what it is labeled. It depends on the type of relief it seeks to obtain'"), quoting *State v. Davidson*, 17 Ohio St.3d 132, 135 (1985). Here, the type of relief the State asked for in its pretrial motion was not simply to point out some upcoming evidentiary issue to the trial court; rather, the State sought, over Petitioner's express objection, to allow the victim to testify by closed-circuit video. All of the evidence pertinent to that motion was presented at the pretrial hearing before the trial court made its ruling. There was nothing left for the parties or the trial judge to do at trial with respect to framing or presenting this issue. This Court is not persuaded that, under these particular circumstances, Ohio has a procedural rule which required Petitioner's counsel to make a second objection to the manner of the victim's testimony at the time she was called as a witness. Therefore, the first part of the *Maupin* test has not been satisfied, and claim two was not procedurally defaulted.

### B. Ground One

Respondent also asserts that claim one was procedurally defaulted because it was not fairly presented to the state court of appeals as a federal constitutional claim, and because there is no longer any method for presenting that claim to the Ohio courts.

It is accurate that Petitioner, in his appellate briefs filed at the court of appeals level (as opposed to his *pro se* memorandum filed in the Ohio Supreme Court, which did characterize this claim as a denial of due process), couched his arguments in terms of abuse of discretion. He asserted that under the five-part test which the Ohio courts have developed in interpreting Ohio R. Evid. 601(A), the victim should not have been found competent to testify. The state court of appeals did not perform a federal constitutional analysis of this claim.

The two standards - state and federal - used to evaluate a claim that an incompetent witness was permitted to testify are significantly different. Under Ohio law, the question of a witnesses' competency to testify is governed by Ohio R. Evid. 601(A). That rule states that, for a witness less than ten years of age, the trial court must conduct a hearing to determine if the witness is "incapable of receiving just impressions of the facts and transactions respecting which they are examined, or stating them truly." The trial court is required to consider five factors, including how the child receives impressions, how well he or she can recall them, how well he or she can communicate what was observed, whether the child understands the difference between telling the truth and lying, and if the child appreciates the need to be truthful. *See State v. Frazier*, 61 Ohio St. 3d 247, 251 (1991). Any decision on this issue is reviewed on appeal for abuse of discretion. On the other hand, the federal constitutional question is "not whether [the child] was a competent witness under state law, but whether her testimony was so grossly unreliable that, viewed in the context of the entire trial, it infected and fatally undermined the reliability of [the] conviction." *Peters v. Whitley*, 942

F.2d 937, 941 (5th Cir. 1991); *see also Logan v. Lockhart*, 994 F.2d 1324 (8th Cir. 1993). This Court has implicitly adopted that test. *See Arthurs v. Warden, Warren Correctional Institution*, 2012 WL 995395, *13 (S.D. Ohio March 23, 2012), *adopted and affirmed* 2012 WL 3728013 (S.D. Ohio, Aug. 28, 2012).

Here, the state court of appeals was not asked to make that determination, but simply to decide if the trial judge abused his discretion in applying the *Frazier* factors to the evidence concerning the child's ability to testify. It was not asked to, and did not, evaluate the testimony in light of the entire record, as the federal constitutional standard mandates, and because of the way that Petitioner presented the issue, it had no fair opportunity to do so. The Court therefore agrees with Respondent that ground one was procedurally defaulted. Further, Petitioner has not established cause for the procedural default, nor has he made a showing of actual innocence which might excuse the default. The issue the state court did decide is purely one of state law and not reviewable in federal habeas corpus. Ground one should therefore be dismissed on procedural default grounds.

### IV. The Merits of Ground Two

As to ground two, the provisions of the Antiterrorism and Effective Death Penalty Act, Pub.L. 104–132, 110 Stat. 1214 (AEDPA) govern the scope of this Court's review. *See Penry v. Johnson*, 532 U.S. 782, 791 (2001); *Wilson v. Parker*, 515 F.3d 682, 691 (6th Cir.2008). AEDPA imposes a "highly deferential standard for evaluating state-court rulings," *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7 (1997), and "demands that state-court

decisions be given the benefit of the doubt," *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (per curiam).

When the claims presented in a habeas corpus petition have been presented to and decided by the state courts, a federal habeas court may not grant relief unless the state court's decision was contrary to or an unreasonable application of clearly established federal law, or based on an unreasonable determination of the facts in light of the evidence that was presented. 28 U.S.C. §2254(d) provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

In applying this statute, the Supreme Court has held that "[t]he focus ... is on whether the state court's application of clearly established federal law is objectively unreasonable ... an unreasonable application is different from an incorrect one." To obtain habeas corpus relief, a petitioner must show the state court's decision was "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Bobby v. Dixon*, --- U.S. ----, ----, 132 S.Ct. 26, 27 (2011), quoting *Harrington v. Richter*, 562 ---U.S. ----, ----, 131 S.Ct. 770, 786–87 (2011). This bar is "difficult to meet" because "habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a

substitute for ordinary error correction through appeal." *Harrington v. Richter*, 131 S.Ct. at 786 (quoting *Jackson v. Virginia*, 443 U.S. 307, 332, n. 5 (1979) (Stevens, J., concurring in judgment)). In short, "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Id.*, quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004).

Here, as a result of its finding that the issue relating to the closed-circuit video testimony had been waived, the state court of appeals did not address the claim directly. Rather, it conducted a plain error review, holding that although the trial judge did not have sufficient evidence before him to justify (at least under Ohio's statutory criteria) permitting the victim to testify by closed-circuit video, Petitioner had not shown that he was prejudiced by the fact that the trial proceeded in that fashion. The standard used by the appellate court was whether Petitioner had shown that, but for the trial court's error, the outcome of the case would have been different.

Respondent, relying on the procedural default argument which the Court has found to lack merit, addresses the potential merits of ground two only briefly, arguing that because Petitioner "is asserting a violation of state law, his claim is not cognizable on federal habeas corpus review." *Return*, Doc. 7, at 16. However, as part of his argument of this same claim of error in the state court of appeals, Petitioner asserted that allowing a child to testify remotely because the child might suffer some trauma - something to be expected in every such case - "would violate the Sixth Amendment to the Constitution." *Return*, Doc. 7, Ex. 16, at 16, citing to *Maryland v. Craig*, 497 U.S. 836 (1990). The Court presumes that Petitioner is making the same argument here.

Consequently, he has raised a federal constitutional claim which has not been procedurally defaulted and which has not been addressed on its merits by the state courts.

The merits question here is whether the trial judge's failure to follow Ohio law properly concerning when a witness may be allowed to testify remotely is also a violation of the Confrontation Clause of the Sixth Amendment as interpreted in *Maryland v. Craig, supra.* That case held that permitting remote testimony is not always a constitutional violation but that determining the State's interest in not having the witness testify in open court must be judged on a case-by-case basis. This Court must decide that issue without the benefit of a state court ruling, because none was made, but must do so in light of the AEDPA, which gives deference not just to state court rulings, but also to state court decisions, *see Moore v. Mitchell*, 708 F.3d 760 (6th Cir. 2013). The Court has no argument from Respondent, however, on either the question of the proper scope of the Court's review of this question or on the merits themselves.

The Court must also address the question of how a proper harmless error analysis applies here. In that regard, the Court notes that the Court of Appeals addressed a similar issue in *Brumley v. Wingard*, 269 F.3d 629,645 (6th Cir. 2001), and concluded that the State's argument in that case - that any error in admitting videotaped testimony was harmless because the defendant could not show that the outcome of the trial would have been different if the witness would have testified in open court (the same analysis used by the state court of appeals in Petitioner's case) - was "specious." *Brumley* held, instead, that "the proper standard by which to gauge the

-13-

injurious impact of the admission of constitutionally infirm evidence is to consider the evidence before the jury absent the constitutionally infirm evidence." *Id*. at 646. *See also Gentry v. Deuth*, 381 F.Supp.2d 630 (W.D. Ky. 2004)(applying harmless error analysis to a similar situation and concluding that, following *Brumley*, the question is not whether the outcome of the trial would have been different if the testimony had been presented in open court, but whether the remaining evidence, exclusive of the video evidence, was sufficient to support the verdict).  Again, this Court does not have the benefit of any argument by Respondent on this point.

These are important and difficult issues on which both Petitioner and Respondent are entitled to be heard.  The Court therefore recommends that, should the Court accept the conclusion that ground two has not been procedurally defaulted, Respondent be directed to file a supplemental return of writ within twenty-one days of the Court's decision, and that Petitioner be permitted to file a supplemental traverse within twenty-one days thereafter.

## V.  Recommended Disposition

The Magistrate Judge therefore **RECOMMENDS** that ground one be dismissed as procedurally defaulted; that the Court find ground two not to have been procedurally defaulted; and that Respondent be directed to file a supplemental return of writ within twenty-one days of the Court's decision, with Petitioner being permitted to file a supplemental traverse within twenty-one days thereafter.

## VI.  Procedure on Objections

If any party objects to this *Report and Recommendation*, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

/s/ Terence P. Kemp
United States Magistrate Judge
