IN THEUNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

TERRY A. JONES,

    Petitioner,

    v.

WARDEN, LEBANON CORRECTIONAL
INSTITUTION,

    Respondent.

CASE NO. 2:14-CV-01218
JUDGE GEORGE C. SMITH
MAGISTRATE JUDGE KEMP

**OPINION AND ORDER**

On October 16, 2015, the Magistrate Judge issued a *Report and Recommendation* recommending that ground one of the *Petition* for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed, and that Respondent be directed to submit a supplemental response on habeas corpus claim two. (ECF No. 12). Petitioner and Respondent have filed an *Objection* to the Magistrate Judge's *Report and Recommendation*. (ECF Nos. 13, 16). Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For the reasons that follow, Petitioner's *Objection* (ECF No. 13) is **OVERRULED**. Respondent's *Objection* (ECF No. 16) is **OVERRULED**. The *Report and Recommendation* (ECF No. 12) is **ADOPTED** and **AFFIRMED**.

Habeas corpus claim one is **DISMISSED** as procedurally defaulted. Respondent is **DIRECTED t**o submit a supplemental response on the merits of habeas corpus claim two within twenty-one days of the date of this *Order*. Petitioner may file a supplemental traverse within twenty-one days thereafter.

Petitioner's *Petition to Stay* (ECF No. 17) is **DENIED.**

**Petitioner's Objection**

Petitioner objects to the Magistrate Judge's recommendation of dismissal of ground one of the habeas corpus petition as procedurally defaulted. He complains that the Magistrate Judge failed to consider the filing of his application to reopen the appeal pursuant to Ohio Appellate Rule 26(B). He requests judicial notice of the docket of the Ohio Supreme Court and of his filings therein. He asserts that he did not commit a procedural default because he filed an appeal with the Ohio Supreme Court. He asserts that he is actually innocent and appears to argue that the denial of the effective assistance of appellate counsel constitutes cause for any procedural default.

The Court has reviewed the entire record and it includes judicial notice of the docket of the Ohio Supreme Court. *See* www.sconet.state.oh.us/Clerk/ecms/. However, Petitioner waived habeas corpus claim one by failing to present the claim to the state courts as a federal constitutional claim. Even assuming that Petitioner did so in his appeal to the Ohio Supreme Court, he would not thereby have preserved a federal issue for review in these proceedings, as the Ohio Supreme Court does not ordinarily consider claims not raised in the appellate court below. *See Brown v. Voorhies*, 2009 WL 187830, at *8 (S.D. Ohio Jan. 26, 2009)(claim waived by failure to present it to the Ohio court of appeals)(citing *Mitts v. Bagley*, 2005 WL 2416929 (N.D.Ohio Sept. 29, 2005)(citing *Fornash v. Marshall*, 686 F.2d 1179, 1185 n. 7 (6th Cir. 1982)(citing *State v. Phillips*, 27 Ohio St.2d 294, 302 (1971)). A claim regarding the alleged violation of state law does not provide a basis for federal habeas corpus relief. 28 U.S.C. § 2254(a). Further, Petitioner has failed to establish cause for his procedural default. The denial of the effective assistance of counsel may constitute cause for a procedural default only where

the Petitioner presents that same claim to the state courts. *Edwards v. Carpenter*, 529 U.S. 446, 452 (2000). Petitioner did not do so here.

Petitioner claims he is actually innocent. The United States Supreme Court has held that a claim of actual innocence may be raised "to avoid a procedural bar to the consideration of the merits of [the petitioner's] constitutional claims." *Schlup v. Delo*, 513 U.S. 298, 326–27 (1995). "[I]n an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default." *Murray*, 477 U.S. at 496. In *Schlup,* the Supreme Court held that a credible showing of actual innocence was sufficient to enable a court to reach the merits of an otherwise procedurally-barred habeas petition. Schlup, 513 U.S. at 317. The actual innocence claim in Schlup is " 'not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits.'" *Id.* at 315 (quoting *Herrera v. Collins,* 506 U.S. 390, 404 (1993)).

The actual innocence exception allows a petitioner to pursue his constitutional claims if it is "more likely than not" that new evidence—not previously presented at trial—would allow no reasonable juror to find him guilty beyond a reasonable doubt. *Souter v. Jones*, 395 F.3d 577 (6th Cir. 2005). The Court of Appeals for the Sixth Circuit explained the exception thoroughly in *Souter*:

> The United States Supreme Court has held that if a habeas petitioner "presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying claims." Schlup, 513 U.S. at 316, 115 S.Ct. 851, 130 L.Ed.2d 808. Thus, the threshold inquiry is whether "new facts raise[ ] sufficient doubt about [the petitioner's]

3

> guilt to undermine confidence in the result of the trial." Id. at 317, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808. To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." Id. at 327, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808. The Court has noted that "actual innocence means factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." Schlup, 513 U.S. at 324, 115 S.Ct. 851, 130 L.Ed.2d 808. The Court counseled however, that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.' " Id. at 321, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808.

*Souter*, 395 F.3d at 589–90 (footnote omitted). Petitioner does not meet these standards. The Court's independent review of the petition and record fails to reveal that any "new facts" have arisen that undermine the result of Petitioner's trial. Petitioner cannot, therefore, establish a claim for actual innocence sufficient to avoid his procedural default.

Therefore, Petitioner's *Objection* (ECF No. 13) is **OVERRULED.**

### Respondent's Objection

Respondent objects to the Magistrate Judge's recommendation that supplemental briefing be filed on the merits of habeas corpus claim two. Respondent argues that the claim is waived because Petitioner failed to present the claim to the state courts as one of federal constitutional magnitude and because Petitioner procedurally defaulted the claim by failing to object.

In order to satisfy the exhaustion requirement in habeas corpus, a petitioner must fairly present the substance of each constitutional claim to the state courts as a federal constitutional claim. *Anderson v. Harless,* 459 U.S. 4, 6 (1982); *Picard v. Connor*, 404 U.S. 270, 275 (1971). Although the fair presentment requirement is a rule of comity, not jurisdiction, *see Castille v.*

*Peoples*, 489 U.S. 346, 349 (1989); *O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999), it is rooted in principles of comity and federalism designed to allow state courts the opportunity to correct the State's alleged violation of a federal constitutional right that threatens to invalidate a state criminal judgment. In the Sixth Circuit, a petitioner can satisfy the fair presentment requirement in any one of four ways: (1) reliance upon federal cases employing constitutional analysis; (2) reliance upon state cases employing federal constitutional analysis; (3) phrasing the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or (4) alleging facts well within the mainstream of constitutional law. *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000). Further, general allegations of the denial of a constitutional right, such as the right to a fair trial or to due process, are insufficient to satisfy the "fair presentment" requirement. *Id.*

Although Petitioner argued in the state court of appeals that the trial court's ruling violated state law, he also asserted that his conviction violated the Confrontation Clause. The record reflects that he argued that he had been convicted in violation of the Sixth Amendment. He referred to the United States Supreme Court's decision in *Maryland v. Craig*, 497 U.S. 836 (1990), which addresses whether the Confrontation Clause prohibits a child witness in a child abuse case from testifying by one-way closed circuit television. (ECF No. 7-1, PageID# 142, 146.) Petitioner again argued in the Ohio Supreme Court that the trial court's ruling violated the Sixth Amendment, "that all witness[es] against him shall be face to face." (ECF No. 7-1, PageID# 264.) Under these circumstances, the Court concludes that Petitioner fairly presented his federal claim to the state courts for review. The state court's failure to address the issue does not require the Court to conclude otherwise.

It is the position of the Respondent that Petitioner procedurally defaulted claim two by failing to comply with Ohio's contemporaneous objection rule, and in view of the appellate court's subsequent review of the claim for plain error only. Respondent claims that Petitioner thereby has procedurally defaulted this claim. Respondent further argues that the state appellate court considered the pre-trial hearing on the issue prior to conducting a plain error review, as it referred to testimony adduced at that hearing, and Petitioner referred to the hearing throughout his appellate brief. Finally, Respondent contends that Petitioner did not plainly object to the ruling of the trial court prior to trial, because his attorney signed an entry indicating his approval.

Under Ohio's contemporaneous objection rule, a criminal defendant must object at trial in order to preserve for appeal a trial court's ruling on a motion *in limine*. *See State v. Grubb*, 28 Ohio St.3d 199, 202 (Ohio 1986).[1]  However, it is not clear that this rule applies here. Ohio courts have distinguished a motion *in limine* from a motion to suppress. *See, e.g., State v. French*, 72 Ohio St.3d 446 (Ohio 1995)("An important characteristic of a motion to suppress is that finality attaches so that the ruling of the court at the suppression hearing prevails at trial and is, therefore, automatically appealable by the state.")

> A ruling on a motion in limine reflects the court's anticipated treatment of an evidentiary issue at trial and, as such, is a tentative, interlocutory, precautionary ruling. Thus, "the trial court is at liberty to change its ruling on the disputed evidence in its actual context at trial. Finality does not attach when the motion is granted.

*State v. French*, 72 Ohio St.3d at 450. Therefore, the renewal of an objection made prior to trial on a motion to suppress does not necessarily preclude the issue from review. *See, e.g., Akron v. Carter,* 190 Ohio App.3d 420, 425 (Ohio App. 9th Dist. 2010)(the "concept of preserving the issue for appeal [by objecting at trial] applies. . . only if the motion *in limine* is of a type that

---

[1] The failure to object to an alleged error at trial results in a procedural default. See *Gulertekin v. Tinnelman-Cooper*, 340 F.3d 415, 423 (6th Cir. 2003)(citations omitted).

6

requests a preliminary ruling prior to the issue being presented in context during trial."); *State v. Conard,* 1997 WL 663673, at *3 (Ohio App. 11th Dist. Sept. 30, 1997)(recognizing split of authority but declining to enforce the contemporaneous objection requirement).

Respondent argues that the trial court's pre-trial ruling on the State's motion, like a motion *in limine*, required Petitioner to raise an objection at trial or waive the issue for appellate review. As discussed by the Magistrate Judge, in view of Ohio's treatment of the issue as it applies to a motion to suppress evidence, it is not so clear. "[P]rocedural default is an affirmative defense that the respondent bears the burden of proving." *Cowans v. Bagley*, 236 F.Supp.2d 841, 871 (S.D. Ohio 2002)(citing *Magouirk v. Phillips*, 144 F.3d 348, 357 (5th Cir. 1998)). This Court is aware of, and Respondent has referred to, no Ohio cases standing for the proposition that a defendant must renew his objection to what appears to have been a final decision made after a pre-trial hearing on whether a child victim may testify by closed circuit video so as to preserve the issue for appeal. Under these circumstances, this Court is unable to conclude either that the procedural rule at issue (*i.e.* a failure to object at trial) applies to Petitioner's claim, or that it constitutes an adequate ground upon which to foreclose review as required under *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). "To be adequate, a state procedural rule must be 'firmly established and regularly followed by the state courts at the time it was applied." *Frazier v. Bobby,* 2011 WL 5086443, at *14 (N.D. Ohio Oct. 25, 2011)(citing *Beard v. Kindler,* 558 U.S. 53, 60 (2009)). Further, this Court is not persuaded the record shows that defense counsel waived his objection to the trial court's ruling. Defense counsel plainly objected to the State's motion regarding testimony by closed-circuit television. (ECF No. 7-2, PageID# 366; 385.) The *Entry* Respondent refers to appears to have been an indication of approval as to the manner in which the trial court planned to execute the child's testimony

7

through closed-circuit television, and not a waiver of Petitioner's prior objection.  Respondent's *Objection* (ECF No. 16) therefore is **OVERRULED**.

## Petition to Stay at Le.C.I.

Pursuant to Rule 23 of the Federal Rules of Appellate Procedure,[2] Petitioner requests the Court to prohibit his transfer to a different prison facility while his habeas corpus petition remains pending.  "By its own terms, Rule 23(a) applies to the transfer and custody of prisoners 'pending review of a decision in a habeas corpus proceeding.'"  *Caler v. Howes*, No. 1:06-cv-172, 2008 WL 191638, at *1 (W.D. Mich. Jan. 22, 2008).  No decision has been made on petitioner's habeas corpus petition, and no appeal is pending.  Rule 23 therefore does not apply.  *See id*.

Petitioner's *Petition to Stay* (ECF No. 17) therefore is **DENIED.**

The *Report and Recommendation* (ECF No. 12) is **ADOPTED** and **AFFIRMED**.  Habeas corpus claim one is **DISMISSED** as procedurally defaulted.  Respondent shall submit a supplemental return of writ on the merits of habeas corpus claim two within twenty-one days of the date of this Order.  Petitioner may file a supplemental traverse within twenty-one days thereafter.

**IT IS SO ORDERED.**

                                          */s/ George C. Smith*
                                          **GEORGE C. SMITH, JUDGE**
                                          **UNITED STATES DISTRICT COURT**

---

[2]  Rule 23(a) of the Federal Rules of Appellate Procedure provides:

> Transfer of Custody Pending Review. Pending review of a decision in a habeas corpus proceeding commenced before a court, justice, or judge of the United States for the release of a prisoner, the person having custody of the prisoner must not transfer custody to another unless a transfer is directed in accordance with this rule. When, upon application, a custodian shows the need for a transfer, the court, justice, or judge rendering the decision under review may authorize the transfer and substitute the successor custodian as a party.